## CELESTINE MOLAISON *v.* V. HÉBERT, Executor, et al.

There is no law authorizing the court to appoint a curator *ad hoc* to represent the slaves of a testator in a suit brought by his forced heirs to annul the disposition of the will enfranchising them.

APPEAL from the District Court of West Baton Rouge, *Robertson*, J. *Andrew S. Herron*, for plaintiff. *Barrow & Petit*, for defendants and appellants.

SPOFFORD, J. This suit was brought by certain persons alleging themselves to be forced heirs of *Jacques Molaison*, deceased, against his testamentary executor, for the purpose of annulling a nuncupative testament by public act, and setting aside a disposition by which the testator had sought to enfranchise certain slaves.

The District Judge thinking it necessary that the slaves should be represented, appointed a curator *ad hoc* for them. Upon a hearing, there was judgment setting aside that portion only of the will which purported to manumit the slaves.

The curator *ad hoc* alone has appealed, and no answer to the appeal has been filed.

We have been referred to no law authorizing a curator *ad hoc* to stand in judgment in such a proceeding as this, and we do not think it was contemplated by the law-giver.

The only decree we can make is to dismiss the appeal:

Appeal dismissed.

LEA, J., absent.